<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4291**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL SHANE DEBAERE,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:13-cr-00329-JAB-1)

Submitted: December 8, 2014      Decided: January 8, 2015

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On October 7, 2013, Michael Shane Debaere (Debaere) pled guilty to one count of accessing images of child pornography by computer with the intent to view, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On February 25, 2014, the district court sentenced him to 70 months' imprisonment. On appeal, Debaere does not challenge his conviction, but challenges his sentence as procedurally unreasonable. We affirm.[*]

I.

Debaere's presentence report, prepared prior to his sentencing hearing on February 25, 2014, calculated his advisory sentencing range under the United States Sentencing Guidelines (the Guidelines) as 97 to 120 months' imprisonment, based upon a total offense level of 30 and a criminal history category of I.

Debaere did not dispute that the presentence report correctly calculated his advisory sentencing range. However, he

---

[*] Debaere's written plea agreement provides that he waives his right to appeal whatever sentence he receives on any ground. In his brief, Debaere contends that such appeal waiver provision is unenforceable because, during his guilty plea hearing, the district court failed to discuss it with him to ascertain his understanding of its operation. Because the government has expressly declined to seek enforcement of the appeal waiver provision in Debaere's plea agreement, we decline to enforce it. United States v. Jones, 667 F.3d 477, 486 (4th Cir. 2012).

2

requested a downward variance to a short sentence to be served in a community correction center, followed by an extended term of supervised release. Debaere based his request upon the following two arguments: (1) without application of "technical" Guidelines' enhancements based upon specific offense characteristics, his advisory sentencing range would only have been 18 to 24 months' imprisonment; and (2) his requested sentence is sufficient, but not greater than necessary, to comply with the sentencing factors under 18 U.S.C. § 3553(a).

The government opposed Debaere's requested sentence of confinement in a community correction center on the basis that the totality of relevant factors in his case do not justify such extraordinary relief and such sentence would constitute an unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct, as disfavored in 18 U.S.C. § 3553(a)(6). However, expressly recognizing and verifying that every possessor of child pornography sentenced in the United States District Court for the Middle District of North Carolina received a downward variance in 2013, the government took the position that if the district court chose to vary downward from Debaere's advisory sentencing range, it should select its sentence from level 24, resulting in an advisory sentencing range of 51 to 63 months'

3

imprisonment, "which is half of what the guideline range is in this matter, and consider a sentence in that range to be sufficient . . . ." (J.A. 38).

In pronouncing Debaere's sentence, the district court first stated that it had considered the calculations resulting from application of the Guidelines and found they were appropriately determined. The district court then expressly rejected Debaere's argument regarding the technical nature of the Guidelines' offense level enhancements for specific offense characteristics, "not[ing] that although [Debaere] has presented the special offense characteristics as being technical in nature, they're technical in nature because they cover the types of conduct that would be involved in criminal activity of this kind." (J.A. 41). The district court continued to explain its rationale for rejecting Debaere's argument as follows:

> With respect to the nature and circumstances of the offense, as the Court has noted and is known with respect to these type of cases, that is, the victims — — innocent victims who are truly at risk of harm in order for the types of videos, pictures that are being made available to those who seek them, that actual children, for the most part, are being used and being subject to such abuse.

> The Defendant's attitude about the technical nature does not diminish in any way the seriousness with which the Court or Congress took in developing the crimes for this offense. While it's true that the Sentencing Commission has had some concern with respect to the types of sentences that have been imposed and even the Government in this case suggesting a downward departure so there would not be

4

a disparity amongst the various defendants, the Court nevertheless finds that the activity in this case is serious and harmful both to society and to the children involved.

(J.A. 41-42).

With respect to Debaere's history and characteristics, the district court stated that it found Debaere has family support and does not have a substantial criminal history. The district court then went on to state that it has noted in similar cases that in order to avoid sentencing disparity it will sentence outside of Debaere's advisory sentencing range. However, the district court declared,

> [it] will impose a sentence in this case that is sufficient, but not greater than necessary, to meet the sentencing objectives of 3553 taking into account the need for punishment and deterrence, particularly deterrence as to other individuals who would choose to engage in such criminal activity that's harmful to society and to the children involved. The Court will take into account the need for any psychological assistance this Defendant may have to help him address the conduct that he's engaged in in this case.

(J.A. 42-43).

The district court then announced that, for reasons previously stated, it would depart from the advisory sentencing range as a variance and sentence Debaere to 70 months' imprisonment, followed by 15 years of supervised release, which sentence the district court expressly found to be appropriate and sufficient, but not greater than necessary.

5

On appeal, Debaere challenges only his sentence and does so on the single ground that the district court failed to adequately explain its reasons for sentencing him to 70 months' imprisonment, and therefore, his sentence is procedurally unreasonable. As relief, Debaere seeks to have his sentence vacated and his case remanded for a new sentencing hearing.

We review the procedural reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 52 (2007). Of relevance in the present appeal, a sentence is procedurally unreasonable, and therefore an abuse of discretion, if the district court "fail[s] to adequately explain the chosen sentence——including an explanation for any deviation from the Guidelines range." Id. at 51. In order to adequately explain its chosen sentence, the district court "must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). As we explained in Carter, the explanation need not be elaborate or lengthy but must be adequate to permit meaningful appellate review. Id. The sentencing "court must demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." United

6

States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks and alteration marks omitted).

Our careful review of the record discloses that the district court adequately explained its chosen sentence of 70 months' imprisonment. There is no dispute that the district court correctly calculated Debaere's advisory sentencing range under the Guidelines as 97 to 120 months' imprisonment. Moreover, the record makes clear that in determining Debaere's downward variant sentence of 70 months' imprisonment from that range, the district court considered: (1) his advisory sentencing range; (2) the parties' arguments for a downward variant sentence from that range; (3) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; (4) the particular facts of Debaere's case; and (5) the sentencing factors under § 3553(a). In sum, the district court placed on the record an individualized assessment of Debaere's case based upon the particular facts of his case which provides a rationale tailored to Debaere's case and is adequate to permit meaningful appellate review. Accordingly, we reject Debaere's contention that his sentence is procedurally unreasonable and affirm his sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before

this court and oral argument would not aid the decisional process.

AFFIRMED